IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES D. STALNAKER, JR.,
JORJEAN D. STALNAKER-RETZLOFF, and
JEFF D. STALNAKER, individually and as
Estate Administrator of James D. Stalnaker, Sr.                          PLAINTIFFS

V.                                    4:12CV00650 JMM

WELLS FARGO HOME MORTGAGE, INC.,
WELLS FARGO BANK, N.A.                                                   DEFENDANTS

## ORDER GRANTING SUMMARY JUDGMENT

Pending is the Defendants' Motion for Summary Judgment and the Plaintiffs' Motion to Join the Department of Veterans Affairs as an Involuntary Plaintiff. The motions have been fully briefed. For the reasons set forth below, the Motion for Summary Judgment is GRANTED and the Motion to Join the Department of Veterans Affairs is MOOT.

I.      Facts

On April 2, 1999, James D. Stalnaker, Sr. and Verna M. Stalnaker executed a Note for $96,800 to purchase property located at 2951 Nutter Chapel Road, Conway Arkansas (the "Nutter Chapel Note"). (Aff. Of Amanda Weatherly, ECF No. 12-1). The Stalnakers also executed a Deed of Trust and a Veterans Administration Assumption Policy Rider in order to secure the financing, which was duly recorded with the Faulkner County Circuit Clerk on April 5, 2999. *Id.* At the time the Stalnakers executed the Note and Deed of Trust, they also executed a HUD Settlement Statement. *Id.* The HUD Statement set out that the $96,800 in financing that the Stalnakers obtained would be used to, among other things, satisfy the seller's mortgage and pay for the Veterans Administration Funding Fee. *Id.* The HUD Statement does mention a credit life insurance payment or a credit life insurance policy. *Id.*

Superior Federal Bank, F.S.B. was the lender on the Nutter Chapel Note. The Nutter Chapel Note was assigned by Superior Federal to Homeside Lending, Inc. Superior Federal also assigned the Stalnaker Deed of Trust to Homeside Lending, Inc. on May 17, 1999. The successor in interest to Homeside Lending was Washington Mutual Bank. (ECF No. 12-1, p. 22-23). Washington Mutual transferred its claim to Wells Fargo and on December 1, 2006, Wells Fargo began servicing the Stalnaker's Nutter Chapel mortgage. (ECF No. 12-1, p. 25). At some point, Washington Mutual Bank went into financial receivership and the Federal Deposit Insurance Corporation ("FDIC") became the Receiver for Washington Mutual. On July 8, 2010, the FDIC appointed Wells Fargo to act as its attorney-in-fact and a Limited Power of Attorney. (ECF No. 12-1, p.27-32). In May 2012, the FDIC assigned the Nutter Chapel Deed of Trust to Wells Fargo. (ECF No. 12-1, p. 42-43).

In July 2005, the Stalnakers defaulted on their mortgage payments. They filed for Chapter 13 bankruptcy on October 11, 2005. The Stalnakers entered into a confirmed Chapter 13 plan in January 2006. On November 18, 2007, Verna Stalnaker passed away. In October 2008, a modified Chapter 13 plan was confirmed. On November 1, 2009, James Stalnaker, Sr. passed away. The Stalnakers were discharged from bankruptcy on January 13, 2010.

As the arrearage on the Nutter Chapel mortgage had never been cured, Wells Fargo initiated foreclosure proceedings in January 2010. Wells Fargo worked with Plaintiff Jeff Stalnaker, administrator of the Stalnaker estate, concerning the default. Wells Fargo sent Stalnaker information regarding loan modification assistance and forbearance. Stalnaker applied for a loan modification including a payment of approximately $2000.00 by Stalnaker to Wells Fargo. However, Stalnaker's application was denied and the payment was applied to the Nutter

Chapel mortgage. No written loan modification contract was executed between the parties. Wells Fargo initiated foreclosure proceedings on the Nutter Chapel property on May 22, 2012.

Plaintiffs filed suit against Wells Fargo and Wilson and Associates on May 15, 2012 in the Circuit Court of Faulkner County. The Circuit Court dismissed Defendant Wilson and Associates. Wells Fargo timely removed the case to this Court pursuant to 28 U.S.C. § 1332, 1441, and 1446. In their Complaint, Plaintiffs allege that Verna and James D. Stalnaker, Sr. elected to purchase credit life insurance at the time the Nutter Chapel mortgage was executed. Plaintiffs contend that the credit life insurance policy should have paid off any indebtedness to Wells Fargo. Plaintiffs claim that if there was a lapse in credit life insurance coverage it was due to the negligence of Wells Fargo for failing to pay premiums, for cancelling the coverage without the authorization of the Stalnakers, or for failure to make a claim for payment under the policy. Further, Plaintiffs contend that Wells Fargo breached a contract to modify the mortgage with Jeff Stalnaker. Finally, Plaintiffs challenge Wells Fargo's right to act as Trustee on behalf of the original lender, Superior Federal Bank, i.e., the chain of title. Plaintiffs ask the Court to award them $150,000 against Wells Fargo for breach of contract or in the alternative, to direct Wells Fargo to reinstate and modify the mortgage.

II.   Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine

>factual issues that properly can be resolved only by a finder of fact
>because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

>[T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

   III.   Discussion of the Law

In the Motion for Summary Judgment, Wells Fargo states that the Stalnakers did not purchase a credit life insurance policy pertaining to the Nutter Chapel mortgage . Although Plaintiffs' case is based upon an alleged credit life insurance policy, Plaintiffs provide no

evidence of such a policy.  Plaintiffs' only argument that a credit life insurance policy may have existed is based upon a form letter sent to the Stalnakers by Wells Fargo in 2006 which states: "If you currently have credit life or other optional products, most of these products will continue through Wells Fargo Home Mortgage."  (Pls' Resp. To Defs' Statement of Undisputed Material Facts, ECF No. 20, p. 3-4).  The form letter does not state that the Stalnakers purchased credit life insurance.

To withstand a motion for summary judgment, the non-moving party has the burden to present evidence that a genuine issue of material fact exists. "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Ballard v. Heineman,* 548 F.3d 1132, 1135 (8th Cir. 2008) (quoting *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007)).  Plaintiffs have failed to raise a genuine issue of material fact as to their contention that a credit life insurance policy existed to cover the Stalnaker's Nutter Chapel mortgage.  Therefore, Defendants' Motion for Summary Judgment as to the credit life insurance policy is GRANTED.

Defendants also contend that there was no loan modification contract, written or otherwise, executed by Wells Fargo and Jeff Stalnaker.  Plaintiffs must plead the existence of an offer, acceptance of the offer, consideration, and sufficient specification of the essential terms of the agreement in order to establish the existence of an enforceable contract under Arkansas law. As evidence of a contract, Plaintiffs have provided correspondence between Jeff Stalnaker and Wells Fargo.  From this documentation it appears that Mr. Stalnaker worked diligently to obtain a loan modification from Wells Fargo and the process was extremely frustrating.  However, Mr. Stalnaker's efforts to obtain an agreement were futile as evidenced by the letter from Wells

Fargo dated May 11, 2010. In the letter, Wells Fargo confirms that they were unable to adjust the terms of the Nutter Chapel mortgage because "we were unable to get you to a modified payment amount that you could afford per the investor guidelines on your mortgage." (Letter, ECF No. 20, p. 27). Plaintiffs have not provided any evidence to contradict this denial by Wells Fargo. Therefore, Defendants' Motion for Summary Judgment as to the alleged loan modification contract is GRANTED.

Finally, Plaintiffs contend that Wells Fargo does not have the right to act as Trustee on behalf of the original lender, Superior Federal Bank. Wells Fargo has provided the affidavit of Amanda Weatherly, Vice President Loan Documentation at Wells Fargo Bank, N.A. Ms. Weatherly testifies to the chain of title of the Nutter Chapel mortgage. Plaintiffs have failed to raise a genuine issue of material fact regarding this chain of title. Therefore, Defendants' Motion for Summary Judgment as to the chain of title issue is GRANTED.

IV.    Conclusion

Defendants' Motion for Summary Judgment (ECF No. 10) is GRANTED. Plaintiffs' Motion to Join the Department of Veterans Affairs (ECF No. 27) is MOOT. The Clerk is directed to close the case.

IT IS SO ORDERED this 3rd day of September, 2013.

_____
James M. Moody
United States District Judge